IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CHARLOTTE CANTRELL; and TIFFANY SLAUGHTER, | |
| Plaintiffs, | Civil Action File No.: |
| v. | 2:22-CV-158-RWS |
| VILLAGE CREPE HAUS, LLC; and BARRY FERALIN, | |
| Defendants. | |

# COMPLAINT

Plaintiffs Charlotte Cantrell and Tiffany Slaughter file this Complaint against Defendants Village Crepe Haus, LLC and its owner, Barry Feralin, alleging facts and legal claims as follows:

**Background Facts**

1. Village Crepe Haus is a restaurant located at 8661 North Main Street in downtown Helen, Georgia that serves breakfast, lunch and dinner.

2. Plaintiffs are former employees of Village Crepe Haus.

3. Charlotte Cantrell worked at Village Crepe Haus from July 1, 2021 until March 29, 2022.

4. Tiffany Slaughter worked at Village Crepe Haus from April 1, 2021 until October 16, 2021.

5. Village Crepe Haus paid Plaintiffs $16 per hour.

6. While they held the title of "manger," they both also acted as servers at the restaurant and received tips from customers for their service.

7. Although both Plaintiffs earned tips from customers, Defendants converted those tips to their own use, did not pay tips to Plaintiffs, and did not distribute them to other tipped employees in a tip pool.

8. When Plaintiffs' employment ended, the Village Crepe Haus retroactively and without prior notice or consent reduced their pay from $16 per hour to $7.25 per hour for hours they already worked during their final work week.

9. Plaintiffs bring this lawsuit because Defendants violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §203(m)(2)(B), when they retained the tips customers paid to the Plaintiffs.

10. Plaintiffs further claim that reducing their pay retroactively from $16 to $7.25 per hour for their last paychecks constitutes a breach of contract.

**Jurisdictional Facts**

11. Defendant Village Crepe Haus, LLC is a domestic limited liability company in the accommodation and food service industry. It may be served with the

summons and this complaint via its registered agent, Barry Feralin, at 1622 Harkins Road, Cleveland, Georgia 30528.

12. Defendant Barry Feralin is an individual and owner of Defendant Village Crepe Haus. He resides at 1622 Harkins Rd., Cleveland, Georgia 30528. He can be served with a summons and this complaint at that location, or wherever he may be found.

13. The Court has jurisdiction over these parties under 28 U.S.C. §1331 because the FLSA claims raise questions of federal law.

14. Venue is also proper in this judicial division and district under 28 U.S.C. § 1391(b) and Local Rule 3.1(B).

15. Defendant Village Crepe Haus constitutes an enterprise engaged in commerce or the production of goods for commerce.

16. Village Crepe Haus is located in Helen, Georgia and caters to a clientele of tourists from within Georgia and surrounding states.

17. Defendants employ at least two (2) employees.

18. Defendants employ two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

19. Defendants accept credit card payments for the goods and services they

provide. Employees, including Plaintiffs, regularly process credit card transactions, which travel through interstate commerce.

20. Defendants' employees handle and use materials that have traveled through interstate commerce, such as food and beverage products, cleaning supplies, computers, and telephones, while performing their job duties.

21. Defendants' gross annual sales and business done exceeds $500,000.

**Barry Feralin's Control (Individual Liability)**

22. Barry Feralin is the sole owner with ultimate control over the operations of Village Crepe Haus.

23. Feralin maintained operational control over employees at Village Crepe Haus.

24. Feralin determined the Plaintiffs' hourly pay rates.

25. Ferlin made the decision to reduce Plaintiffs' pay from $16.00 to $7.25 per hour during their final work weeks.

26. Feralin made the decision to deny payment of tips to Plaintiffs because he believed that as "managers" they were not entitled to tips.

27. Feralin supervised Plaintiffs' work from time to time.

28. Feralin hired Plaintiffs.

29. Feralin assigned job duties to Plaintiffs.

30. Feralin had the authority to fire employees, including Plaintiffs, and exercised that authority.

31. Feralin maintained the employment records, such as time and pay records, for Plaintiffs.

**Legal Claims**

**COUNT I:  Violation of the Fair Labor Standards Act**

32. As set forth above, Defendants retained tips customers intended to pay to Plaintiffs.

33. Under 29 U.S.C. §203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes …."

34. Defendants took control of Plaintiffs' tips because Plaintiffs each held the title of "manager" and Defendants believed that "managers" were not entitled to tips.

35. Plaintiffs did not perform "manager" or "supervisor" duties of executive employees under the FLSA.

36. Plaintiffs were non-exempt employees under the FLSA.

37. According to the interpretive guidance from the Department of Labor, "[a] manager or supervisor may keep tips that he or she receives directly from customers based on the service that he or she directly and solely provides." 29 C.F.R.

§531.52(b)(2).

38. Both Plaintiffs were paid tips by customers they served.

39. Because Plaintiffs are no longer employed and do not have access to Defendants' financial sales information and credit card receipts, they cannot precisely determine the amount of tips Defendants took from them.

40. The amount of tips may be determined by analyzing credit card receipts and other sales receipts from Defendants' business.

41. Upon information and belief, Plaintiffs estimate that they lost between $300 to $500 in tips per week of employment.

42. Both Village Crepe Haus and Barry Feralin are liable for these FLSA violations.

43. Based on his degree of control and responsibility for the FLSA violation at issue, Mr. Feralin is an "employer" under the Act and may be held personally liable along with Village Crepe Haus.

**Count II:   Breach of Contract**

44. As employees, Plaintiffs had a contract with Defendant Village Crepe Haus.

45. In exchange for performing certain duties on its behalf, Village Crepe Haus agreed to pay each Plaintiff the sum of $16 per hour for their work.

46. Plaintiffs performed work for Village Crepe Haus.

47. Village Crepe Haus paid Plaintiffs for the work they performed.

48. However, when the Plaintiffs left the employ of Village Crepe Haus, it reduced Plaintiffs' pay from the agreed-up $16.00 per hour down to $7.25 per hour for hours already worked.

49. The Plaintiffs did not consent to this reduction in their pay for the hours they worked at the end of their employment.

50. Retroactively reducing Plaintiffs' pay, without notice or consent, constitutes a breach of the employment contract.

51. Village Crepe Haus reduced Slaughter's and Cantrell's pay for one work week each.

52. Plaintiff Cantrell estimates that she was deprived of at least $350 by this breach; Plaintiff Slaughter estimates that she lost at least $350 by this breach.

53. Plaintiffs reached out to Feralin and his attorney in an attempt to resolve this dispute without resorting to legal process.

54. Defendants have not responded favorably to Plaintiffs' efforts to resolve this dispute.

WHERFORE, based on the factual allegations and claims asserted, Plaintiffs pray that the Court grant them the following relief:

(a) A monetary award equal to the tips Defendants retained in violation of the FLSA;

(b) An award of liquidated damages equal to the tips Defendants retained;

(c) The difference between $16.00 per hour and $7.25 per hour ($8.75 per hour) for each hour Defendants reduced their pay during their final pay periods;

(d) An award of costs and attorney's fees both under the FLSA (29 USC § 216(b)) and under O.C.G.A. § 9-6-11 for causing Plaintiffs unnecessary trouble and expense in obtaining their lawful wages under the contract; and

(e) All further relief as justice may require.

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
404-873-8000

/s/ Andrew Y. Coffman
Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com

*Counsel for Plaintiffs*